# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES WALCH and JANIS WALCH, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 19-3191 |
| | ) |
| AARON MORGAN, individually, in his official capacity, and as agent of MONTGOMERY COUNTY, SHERIFF RICK ROBBINS, individually, in his official capacity, and as agent of MONTGOMERY COUNTY, MONTGOMERY COUNTY, SILVER LAKE GROUP, LTD., individually and as agent of CNB BANK, THOMAS DEVORE, individually and as agent of CNB BANK, CNB BANK & TRUST, N.A., a National Banking Corporation, | ) |
| | ) |

1

OPINION

RICHARD MILLS, United States District Judge:

This is a civil rights action under 42 U.S.C. § 1983.

Plaintiffs James Walch and Janis Walch assert six such counts against the several Defendants.

The Plaintiffs also assert four counts under Illinois state law.

Pending is Defendants Thomas DeVore and Silver Lake Group, Ltd.'s Motion to Dismiss Counts III, VII, VIII and IX.

I.   CLAIMS AND FACTUAL ALLEGATIONS

In Count III, the Plaintiffs assert a § 1983 claim for conspiracy to deprive constitutional rights against Defendants Deputy Aaron Morgan, Sheriff Rick Robbins,

Montgomery County, Thomas DeVore ("DeVore"), Silver Lake Group ("Silver Lake") and CNB Bank.

In Count VII, the Plaintiffs assert an Illinois state law claim for trespass against Defendants Deputy Morgan and DeVore.

Count VIII is an Illinois state law claim for conversion asserted against Defendants Deputy Morgan and DeVore.

Count IX is an Illinois state law claim for *respondeat superior* asserted against Defendants Robbins, Silver Lake, CNB Bank and Montgomery County.

Defendants DeVore and Silver Lake contend Count III must be dismissed because the Plaintiffs have adequate post-deprivation remedies under state law and thus may

not pursue a § 1983 claim prior to exhausting their state court remedies. The Plaintiffs contend that post-deprivation remedy does not equate to filing suit in state court, and Plaintiffs are entitled to litigate in a forum of their choosing.

Additionally, DeVore and Silver Lake claim that Plaintiff James Walch has become a party to Montgomery County Case 2017-L-5. CNB filed suit to replevy property of Vincent Walch and Alexis Walch in which it held a security interest. A number of other entities, not relevant here, are Defendants in Case 2017-L-5. Vincent Walch, who is going through a bankruptcy, is the son of Plaintiffs James and Janis Walch. DeVore and Silver Lake represent CNB in the replevin action.

One day before filing this lawsuit, James Walch petitioned to intervene in Case 2017-L-5 and to file a claim for damages. The Montgomery County Circuit Court granted the petition to intervene. James Walch claims some of his property was taken by CNB in the course of CNB obtaining property subject to the replevin action. In his complaint, James Walch alleges CNB converted his personal property. Walch seeks its return and damages. At the time of DeVore's and Silver Lake's motion to dismiss, James Walch and CNB were engaged in discovery in the Montgomery County case.

Defendants claim Case 2017-L-5 and this case are parallel in that both cases involve the same facts, present substantially similar legal issues and involve substantially

the same parties.  The Plaintiffs allege DeVore and Silver Lake are being sued not because of the personal property taken from Vincent Walch's home, which is the subject of the Montgomery County litigation.    Instead, the Defendants are being sued for actions taken on the Plaintiffs' property.  The Plaintiffs say they intervened in Montgomery County to assert their property rights to items claimed by the Defendants.  They were seeking the return of or compensation for their property found on Vincent Walch's property in that action.  The Plaintiffs say they are now seeking redress for civil rights violations and common law claims committed while Defendants were on Plaintiffs' property.    The alleged violations

occurred after the Defendants left the property of Vincent Walch.

DeVore and Silver Lake further contend abstention is required due to pending state court action.  The Plaintiffs allege that because there is no opportunity to resolve all of the claims in state court, abstention is inappropriate.

DeVore and Silver Lake also contend that Plaintiffs have failed to allege a conspiracy under § 1983, thereby requiring dismissal.  DeVore is an attorney engaged in the private practice of law.  Silver Lake his law firm.  CNB is their client.  The Defendants contend that an attorney and his law firm cannot conspire with their client.  Section 1983 does not recognize liability under a theory of *respondeat superior* or principal-agent liability.  The only

allegations against Silver Lake are based on the theory of *respondeat superior*. The Plaintiffs allege DeVore is subject to § 1983 liability on the basis that he conspired with a public employee to deprive Plaintiffs of their constitutional rights. Because Silver Lake is owned by DeVore, the Plaintiffs contend *respondeat superior* liability would not apply.

The Plaintiffs further allege that DeVore's and Silver Lake's actions in their capacity as counsel to CNB, and in the course of replevying Vincent Walch's property, are central to the cause of action. DeVore and Silver Lake contend such conduct is subject to the attorney litigation privilege and is subject to immunity from suit. Plaintiffs

contend DeVore and Silver Lake cannot claim immunity when their client, CNB, is disavowing their actions.

DeVore and Silver Lake seek dismissal under Rule 12(b)(6) of Counts III, VII, VIII and IX.

## II.   DISCUSSION

<u>Post-deprivation remedies</u>

DeVore and Silver Lake contend dismissal is appropriate because Plaintiffs have not exhausted their state court remedies.  Citing *Parratt v. Taylor*, 451 U.S. 527, 543 (1981) and *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996), DeVore and Silver Lake claim that a plaintiff may not bring suit under § 1983 without first exhausting his or her state court remedies.   The Defendants contend that if a state law cause of action is

available, the Plaintiffs have no remedy in federal court. The Plaintiffs have asserted state law claims for replevin, conversion and trespass in seeking to recover their property and recover damages for their alleged losses. DeVore and Silver Lake contend these are adequate state court remedies.

In *Bradley v. Village of University Park*, 929 F.3d 875 (7th Cir. 2019), the Seventh Circuit considered whether liability under § 1983 may exist for intentional actions when there is a state remedy. The court stated:

> Excusing top municipal officials from federal liability when they violate constitutional due process rights, so long as they also violate state laws and the state provides some post-deprivation recourse, would (1) undermine public employees' due process rights and remedies under *Loudermill* and its progeny; (2) conflict with *Monroe v. Pape* and its progeny, which hold that a state or local official may be sued under §

1983 for actions taken "under color of state law" even though the official's actions also violate state or local law and a remedy exists under state law; and (3) conflict with *Patsy v. Board of Regents*, which held that § 1983 plaintiffs need not exhaust state-law remedies before asserting their federal rights. There is no indication in *Parratt*, *Hudson*, *Zinermon*, or our en banc decision in *Easter House* of an intention to   undermine or overrule so much bedrock § 1983 law.

*Id*. at 880 (internal citations omitted). The Plaintiffs are alleging that Defendants committed intentional acts, thereby violating their constitutional rights. Pursuant to *Bradley*, the fact that Plaintiff James Walch is pursuing a state court remedy does not foreclose a § 1983 suit. Upon accepting the allegations in the Complaint, the Court concludes that Plaintiffs have asserted sufficient facts to allege a § 1983 claim.

Accordingly, the Court has no basis to dismiss the Complaint based on the existence of adequate state court remedies.

Abstention

DeVore and Silver Lake claim that because Plaintiff James Walch intervened in Montgomery County Case 2017-L-5 and the two actions are parallel, abstention applies under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "The doctrine comes into play when parallel state court and federal court lawsuits are pending between the same parties." *Adkins v. VIM Recycling*, 644 F.3d 483, 497-98 (7th Cir. 2011). Two cases are parallel when "substantially the same parties are contemporaneously litigating substantially the

same issues."   *Id*. at 498.   A court should consider "whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Id*. at 499.   The basic issue is whether there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case."   *Id*.   "[A]ny doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction." *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 520 (7th Cir. 2001).

The two suits are similar but different.   In the Montgomery County case, CNB and James Walch are litigating his right to property allegedly taken during execution of the replevin order.  In this case, the Plaintiffs

allege state actors came onto their property, took chattel belonging to the Plaintiffs and did so under color of state law. In its Answer to the Plaintiffs' Complaint, CNB denies that DeVore and Silver Lake were acting as its agent when they entered the Plaintiffs' property. Because that issue is disputed, and DeVore and Silver Lake are not parties to the Montgomery County litigation and they do not have the same interests as CNB's lawyer that they would if they were parties, the Plaintiffs cannot show that substantially the same parties are litigating the same issues. There also is no opportunity to resolve in the state court action the constitutional violations Plaintiffs allege were committed by DeVore and Silver Lake.

Because the two cases do not involve the same parties and there is no likelihood that the state court litigation will dispose of all claims in the federal case, the Court concludes that *Colorado River* abstention does not apply. To the extent that DeVore and Silver Lake move to dismiss or for a stay pending the outcome of the Montgomery County litigation, the Court will deny the motion.

<u>Conspiracy claims</u>

(1)

The Defendants next contend that, to the extent the Plaintiffs' Complaint alleges DeVore, Silver Lake and CNB conspired with each other, the Plaintiffs fail to assert a cause of action. DeVore and Silver Lake are private

15

citizens, not state actors.   DeVore and Silver Lake contend the § 1983 conspiracy claims asserted against them must be dismissed for lack of state action.

A private citizen can be liable under § 1983 if he "conspires with a public employee to deprive a person of his constitutional rights."  *Wilson v. Price*, 624 F.3d 389, 394 (7th Cir. 2010).   In the Complaint, the Plaintiffs generally allege that DeVore conspired with Defendant Deputy Morgan.   At this stage, the Court accepts the allegations as true.  Accordingly, the Court has no basis to dismiss the claim due to a lack of state action.

## (2)

Defendants DeVore and Silver Lake next contend that as an agent, DeVore cannot conspire with its

principal.  DeVore and Silver Lake state that Plaintiffs'
claim of who conspired with whom is not entirely clear.
The Plaintiffs allege that DeVore is employed by Silver
Lake; DeVore is an agent of Silver Lake, and DeVore is
an employee of CNB and DeVore is an agent of CNB.
Silver Lake and DeVore are attorneys for CNB.  In the
Complaint, the Plaintiffs further allege DeVore conspired
with Silver Lake and CNB.  Silver Lake and DeVore
contend that, as the attorney for CNB, neither DeVore nor
Silver Lake can be in a conspiracy with CNB.

In response, the Plaintiffs state they are alleging that
CNB's purported agent actively participated in the
conspiracy with someone other than the principal—
Deputy Morgan.  The Plaintiffs further state that the

Complaint includes all actors alleged to be involved in the conspiracy. While DeVore and Silver Lake may have acted outside their authority as CNB alleges, that issue cannot be determined at the motion to dismiss stage. An exception to the general rule that there can be no conspiracy between a principal and an agent is "where the interests of a separately incorporated agent diverge from the interests of the corporate principal and the agent at the time of the conspiracy is acting beyond the scope of his authority or for his own benefit, rather than that of the principal." *Alpha School Bus Co. v. Wagner*, 391 Ill. App.3d 722, 738 (1st Dist. 2009).

The Plaintiffs have asserted sufficient facts to plausibly allege a conspiracy claim against DeVore and Silver Lake in Count III.

<u>Silver Lake's status</u>

The Defendants allege Silver Lake does not have liability as DeVore's employer under § 1983 because such a claim cannot be based upon a *respondeat superior* theory of liability. *See Carmody v. Board of Trustees of University of Illinois*, 893 F.3d 397, 403 (7th Cir. 2018). The Plaintiffs have alleged Silver Lake is owned by DeVore. Plaintiffs claim that § 1983's policy maker doctrine would apply to DeVore's actions, meaning that Silver Lake may be liable for the decision of its policy maker, DeVore. Citing *Eversole v. Steele*, 59 F.3d 710,

715 (7th Cir. 1995), the Plaintiffs contend this is beyond *respondeat superior* claims.  However, the policy maker doctrine applies to governmental entities.  *See id*.  Neither Silver Lake nor DeVore is a governmental entity.  Therefore, the basis for holding Silver Lake liable is unclear.  To the extent that Plaintiffs allege Silver Lake is liable because DeVore is its policymaker, the Court will grant the motion to dismiss Count III as to Silver Lake.

Attorney litigation privilege

Defendants DeVore and Silver Lake next contend that the attorney litigation privilege bars the Plaintiffs' lawsuit against them.  Citing *O'Callaghan v. Satherlie*, 2015 IL App 142152 (1st Dist.), DeVore and Silver Lake claim that any actions by an attorney related to litigation,

20

whether before, during or after the litigation, are absolutely privileged. The privilege is not limited to communications but applies to attorney conduct as well. *See id*; *see also Loughnane v. Rogers*, 2019 WL 4242486, at \*5, (N.D. Ill. Sept. 6, 2019) ("The privilege extends beyond communications to include conduct performed within the practice of law, since attorneys typically do things—actions—in addition to communications in order to secure justice for their client.").

The attorney litigation privilege applies "during the course, and as part of, a judicial proceeding." *Johnson v. Lane*, 2012 IL App111852-U (1st Dist.). In the context of defamatory matter, the privilege is available if the publication "(1) was made in a judicial proceeding; (2)

had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law." *Id*.

The Defendants contend the conduct of DeVore and Silver Lake was in the course of their representation of CNB in its efforts to replevy property of Vincent and Alexis Walch. DeVore and Silver Lake were engaged in the execution of the Montgomery County Court's replevin order when the acts at the center of the Plaintiffs' Complaint occurred.

It was May 3, 2019, that DeVore and Silver Lake are alleged to have acted without any authority on Plaintiffs' property. The Plaintiffs filed this case on August 9, 2019.

Two days earlier, James Walch petitioned to intervene in the Montgomery County action. Accordingly, the conduct that Plaintiffs allege constituted a § 1983 violation occurred before there was any litigation between the parties. The Plaintiffs also note that DeVore's and Silver Lake's client, CNB, is disavowing their actions. Moreover, the Plaintiffs contend that the actions of DeVore and Silver Lake could well constitute criminal conduct.

The Plaintiffs further claim that DeVore and Silver Lake acted as de facto deputy sheriffs in physically taking possession of Plaintiffs' property, breaking into real property not subject to a court order, and removing the

property.  The Plaintiffs allege the Defendants knew their actions were unlawful.

"Illinois courts have made clear that the 'only linchpin' of the privilege is whether the . . . conduct at issue was 'related to proposed or pending litigation.'" *Loughnane*, 2019 WL 4242486, at \*6 (quoting *Scarpelli v. McDermott Will & Emery* 117 N.E.3d 238, 247 (Ill. App. Ct. 2018)).  In *Loughnane*, the Court could not determine that the acts of defendant were sufficiently related to another lawsuit to trigger the litigation privilege when the protective order relied on by defendant was not entered until approximately a month after the occurrence of the events described in the complaint.  *See id*.  The Parties here dispute whether the conduct was related to

the litigation.  The client, CNB, is disavowing the actions of DeVore.  As in *Loughnane*, there was no litigation between the Parties at the time of the events in question. Upon accepting the allegations in the Plaintiffs' Complaint, the Court is unable to dismiss the claims against Defendants DeVore and Silver based on the attorney litigation privilege.

## III.  CONCLUSION

The Plaintiffs' allegations are sufficient to assert claims for civil rights violations and common law claims as alleged in the Complaint.  The Court will deny the motion to dismiss, except to the extent that any claims against Silver Lake are based on DeVore's status as its policymaker.

<u>Ergo</u>, the Amended Joint Motion to Dismiss of Defendants Thomas DeVore and Silver Lake Group, LTD. [d/e 36] is GRANTED in part and DENIED in part.

The motion is GRANTED to the extent that any claims against Silver Lake Group are based on DeVore's status as a policymaker.

The motion is DENIED in all other respects.

The Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

This case is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of holding a Rule 16 Scheduling Conference.

ENTER: September 3, 2021

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge